11-3630-ag
Weng v. Holder

BIA
A077 994 008

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11ᵗʰ day of May, two thousand twelve.

PRESENT:
    JOSEPH M. McLAUGHLIN,
    JOSÉ A. CABRANES,
    BARRINGTON D. PARKER,
        *Circuit Judges.*

_____

Jin Pan Weng,
        *Petitioner*,

            v.                                  11-3630-ag
                                                NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent*.

_____


FOR PETITIONER:    Gary J. Yerman, New York, NY.

FOR RESPONDENT:    Stuart F. Delery, Acting Assistant
                   Attorney General; Ernesto H. Molina, Jr.,
                   Assistant Director; Sheri R. Glaser,
                   Trial Attorney, Office of Immigration
                   Litigation, Civil Division, United States
                   Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Jin Pan Weng, a native and citizen of the People's Republic of China, seeks review of an August 18, 2011, order of the BIA denying his motion to reopen his removal proceedings. *In re Jin Pan Weng*, No. A077 994 008 (B.I.A. Aug. 18, 2011). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). Here, the BIA did not abuse its discretion by denying Weng's motion to reopen as untimely and number-barred, as it was his second motion to reopen and he filed it more than seven years after his final order of removal. *See* 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(2).

Although the time and numerical limits on motions to reopen may be excused when the movant demonstrates changed country conditions, 8 U.S.C. § 1229a(c)(7)(C)(ii), the BIA reasonably concluded that Weng did not demonstrate changed conditions in this case.

Weng argues that the record compels the conclusion that the persecution of Chinese Christians has intensified since his 2002 merits hearing.  The record includes evidence that some Christians were persecuted when Weng filed his motion to reopen.  However, we defer to the BIA's conclusion that this persecution constituted a continuation of China's ongoing policies rather than changed conditions.  *See Shao v. Mukasey*, 546 F.3d 138, 171 (2d Cir. 2008) ("We do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency."); *see also Matter of S-Y-G-*, 24 I. & N. Dec. 247, 257 (BIA 2007) (explaining that an "incremental or incidental" change in a country's policies does not constitute changed country conditions for purposes of motions to reopen).

The BIA further noted that the repression of Christians varies by locality in China.  It reasonably concluded that the letters Weng submitted, from three friends who were arrested in Weng's hometown for attending house churches in 2010, did not establish changed conditions in that town because there was no evidence about conditions in that hometown at the time of his 2002 merits hearing.  *See id.* at 253 ("In determining whether evidence accompanying a motion

to reopen demonstrates a material change in country conditions that would justify reopening, we compare the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below.").

For the foregoing reasons, the petition for review is DENIED.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4